Scofield, J.,
delivered the opinion of the court:
During the years 1862-’63 three several tracts of land in Beaufort County, South Carolina, owned by William Elliott, were duly assessed with direct taxes under the provisions of the Act August 5,1861 (12 Stat. L., p. 292), and March 13, 1863, were duly sold. One of the tracts was purchased by the United States and the other two by third parties.
The whole purchase-money amounted to $1,110, and the taxes, cost, and charges to $99.53, leaving a surplus of $1,011.48.
William Elliott died February 3,1863, more than a month before the sale.
No demand was made upon the Secretary of the Treasury *331 for the surplus purchase-mouey until 1884, when the same was demanded by the claimants and payments refused.
Under the provisions of said act there is no doubt that the proper party is entitled to claim this surplus. (Taylor's Case, 14 C. Cls. R., 339; 104 U. S. R., 216; Lawton’s Case, 18 C. Cls. R., 595; 110 U. S. R., 146.)
Are the claimants the proper party ?
Prior to the sale the ownership of the land passed, under the will of William Elliott, deceased, to his seven children, but charged, in connection with other property, with a legacy to the claimants, amounting to $16,000 each. Owing to losses and depreciation of property by the war, no considerable portion of said legacies has been paid by the estate.
By a decree of the court in South Carolina, having jurisdiction in the premises, the claimants’ legacies were decreed to be a charge and lien, under the will, upon the land sold for taxes.
Under this state of facts the court holds that the lien of the claimants was transferred by the sale from the laud to the proceeds thereof. The claimants are therefore entitled to demand this surplus, the same, when paid, to be credited upon their respective legacies.
Judgments will be entered for each of the claimants in the sum of I505.93J, amounting for both claimants to $1,011.87.